United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 4, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-20396
Summary Calendar
_____

ALFRED BRUCE CROSS,

                                    Petitioner-Appellant,

versus

DOUG DRETKE, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

                                    Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:00-CV-4438
--------------------

Before GARZA, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

     Alfred Bruce Cross, Texas prisoner # 781787, appeals the

denial of his 28 U.S.C. § 2254 petition challenging his bribery

conviction.  The issue on which a certificate of appealability

was granted is "whether Cross's trial was rendered fundamentally

unfair by the trial court's exclusion as inadmissible hearsay of

Cross's proffered testimony concerning his conversations with

Deputy Odem."  See Cross v. Dretke, No. 04-20396 (5th Cir. Sept.

8, 2004) (unpublished).

---

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

We hold that the state court's determination that, even if error, the evidentiary ruling was harmless was neither contrary to clearly established federal law as determined by the Supreme Court nor based on an unreasonable determination of the facts in light of the evidence presented in the state-court proceedings. 28 U.S.C. § 2254(d); <u>Williams v. Taylor</u>, 529 U.S. 362, 411-12 (2000). Cross introduced evidence that he was induced to commit the offense, but, finding his testimony not credible, the jury rejected the entrapment defense. The record does not support a determination that Cross's proffered testimony, largely cumulative of his trial testimony, would have had "substantial and injurious effect or influence in determining the jury's verdict" and was therefore harmless. See <u>Brecht v. Abrahamson</u>, 507 U.S. 619, 631 (1993).

AFFIRMED.